```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

NUERO PEDS, LLC                                CIVIL ACTION

VERSUS                                         NO. 07-1023

ALLSTATE INSURANCE COMPANY ET AL               SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the following reasons the motion is GRANTED in part and DENIED in part.

Background

Neuro Peds owns a physical therapy center in Covington that was forced to close for approximately two weeks during a mandatory evacuation of St. Tammany Parish. Neuro Peds filed a claim for lost business income under the "Optional Coverages" of its Allstate business insurance policy. Subpart 1 of Optional Coverages provides business interruption coverage for up to twelve months when an

1

insured's inability to conduct business is "resulting from a covered loss" under the policy.[1] Subpart 3 provides business interruption coverage for "an additional 60 consecutive days" after an insured reopens or resumes business. Finally, subpart 4 provides business interruption coverage for a period of up to two weeks when a civil authority prohibits an insured from occupying its business; this so-called "Civil Authority Clause" permits recovery even when there is no physical loss or damage at the insured's premise.

Allstate inspected Neuro Peds's property, observed only minor physical damage, and denied payment under Optional Coverages subparts 1 and 3, explaining that Neuro Peds's losses were not the result of direct physical property damage. However, Allstate determined that Neuro Peds was entitled to $4,578 under the Civil Authority Clause for lost income during the mandatory evacuation. Neuro Peds disagreed with Allstate's determination of coverage and filed this lawsuit for relief under the insurance policy and for penalties under La. Rev. Stat. § 22:1220 and § 22:658. Allstate removed the case under 28 U.S.C. § 1332 and now moves for summary judgment.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue

---

[1] Subpart 2 provides similar coverage for lost rent income "resulting from a covered loss." That provision is not at issue in the lawsuit.

as to any material fact so that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, it must come forward with competent evidence, such as affidavits or depositions, to buttress its claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## II.

In its complaint, Neuro Peds asserts that the policy's "Optional Coverages" entitle it to recover lost business profits for up to twelve months following the mandatory closure of its business. As this is a diversity action regarding the interpretation of an insurance policy issued in Louisiana,

Louisiana's substantive law controls. <u>Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.</u>, 352 F.3d 254, 260 (5th Cir. 2003). Under Louisiana law, an insurance policy "is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." <u>Cadwallader v. Allstate Ins. Co.</u>, 848 So.2d 577, 580 (La. 2003). According to the Louisiana Civil Code, "[i]nterpretation of a contract is the determination of the common intent of the parties," La. Civ. Code Ann. art. 2045, and an insurance contract "shall be construed according to the entirety of its terms and conditions." La. Rev. Stat. Ann. § 22:654.

Whether contract language is clear or ambiguous is a question of law. <u>Cadwallader</u>, 848 So.2d at 580. The words of a contract "are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." <u>Id</u>. (<u>citing</u> La. Civ. Code Ann. art. 2047). When a contract's language is "clear and explicit and lead[s] to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046. If the wording of the policy is unambiguous, then the contract "must be enforced as written." <u>Cadwallader</u>, 848 So. 2d at 580.

The Court finds that the terms of the policy unambiguously do not afford Neuro Peds the relief it seeks. The Optional Coverages section provides:

4

> When coverage is shown in the Declarations for Loss of Income, we will pay up to 12 consecutive months from the time of loss for:
>
> 1. Your loss of income resulting from a covered loss but not to exceed the actual reduction in net income from the operation of the business plus charges and expenses which necessarily continue during the interruption of business. In determining your loss, we will consider the normal charges and expenses, including payroll expense, to the extent necessary to resume operations of the insured with the same quality of service which existed immediately preceding the loss. We will not pay for more than your actual loss of net income for the shortest time required to repair or replace your property with the exercise of due diligence and dispatch.
>
> * * *
>
> 3. Your loss of income or net rental income, after reopening or resumption of your business, for an additional 60 consecutive days to return your business to the income position which would have existed had no loss occurred.
>
> 4. The reasonable and necessary loss of net income or net rental income for up to two weeks should civil authorities prohibit you from occupying the insured premises due to a loss at the immediately adjacent premises, caused by a peril we insure you against.

The coverage in subpart 1 is explicitly limited to "loss of income resulting from a covered loss." Further, non-physical loss is excluded from coverage in "Coverage A--Business Property": "This policy insures your covered property for loss or damage resulting from direct physical loss, except for those Losses We Do Not Cover listed below."[2] Neuro Peds argues that its loss of income during

---

[2] One of excluded perils in "Losses We Do Not Cover" is: "Delay or Loss of Market: We will not cover any losses caused by any delays or because you have lost customers for any reason."

the two week evacuation was a covered loss: Indeed, Allstate paid Neuro Peds $4,578 on this part of its claim. Thus, Neuro Peds claims that Allstate's payment under the Civil Authority Clause provides the predicate "covered loss" and allows Neuro Peds to continue receiving benefits for up to twelve months for all losses "resulting from" the civil evacuation. This theory, which was recently rejected in another Section of this Court, is inconsistent with the policy provisions. See <u>Campo v. Allstate Ins. Co.</u>, 2008 WL 239831 (E.D. La. 2008). Any "covered loss" consisting of a Civil Authorities evacuation is limited by the terms of the policy to two weeks' loss of income. Neuro Peds does not allege that it sustained direct physical property damage that caused its loss, and, therefore, it is clearly not entitled to recover under the instructions of subpart 1.

    Neuro Peds also seeks relief under subpart 3 of the Optional Coverages. Unlike subpart 1, subpart 3 does not explicitly limit coverage to "loss of income resulting from a covered loss." Rather, it states that Allstate will pay for the insured's lost income for an additional sixty days "after reopening or resumption of your business." Neuro Peds asserts that once Allstate paid $4,578 for Neuro Peds's business interruption, Allstate became obliged to cover Neuro Peds's losses sustained during the sixty days "after

---

Moreover, subpart 1 explicitly assumes an occurrence of physical damage.

reopening or resumption." This argument is not persuasive. Recovery under subpart 3 is predicated on a business interruption caused by physical damage from a covered peril. Subparts 1 and 2 both provide coverage for lost income "resulting from a covered loss" for "the shortest time required to repair or replace your property" and for a maximum of twelve months. Subpart 3 then provides coverage for "*an additional* 60 consecutive days" to help the business return to the income position that would have existed "had no *loss* occurred" (emphasis added). Subpart 4, on the other hand, provides limited coverage when there is "a loss at the immediately adjacent premises." There is no rational connection between a loss at an adjacent premise and an insured's need for sixty days to restore its business position. On the contrary, the plain language of subpart 3, in combination with its placement before subpart 4, indicates that physical damage to the insured's business from a covered peril is required. This conclusion is also consistent with a Louisiana Court of Appeals recent decision in Magee v. National Fire Ins. Co. Of Hartford involving a similar Civil Authority provision. See Magee, 2008 WL 426285 (La. App. 1st. Cir. 2008). Allstate has not addressed the plaintiff's claim for statutory penalties and additional payment under the Civil Authorities provision, and the Court expresses no opinion on that issue. Accordingly,

    IT IS ORDERED that Allstate's motion for summary judgment is

GRANTED in part and DENIED in part. The plaintiff's claims for lost income under subparts 1 and 3 of the policy's Optional Coverages are dismissed; its claim for additional payment under the Civil Authorities Clause and for statutory penalties under § 22:1220 and § 22:658 are permitted to continue.

New Orleans, Louisiana, March 12, 2008.

```
                         _____
                              MARTIN L. C. FELDMAN
                          UNITED STATES DISTRICT JUDGE
```